IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER PHILIP ANDERSON AND PATRICIA ANN ANDERSON,<br><br>      Plaintiffs,<br><br>  vs.<br><br>CITIMORTGAGE, INC., JOHN DOES 1-10, DOE ENTITIES 1-10, DOE PARTNERSHIPS 1-10, and DOE CORPORATIONS 1-10,<br><br>      Defendants.<br>_____ | CIVIL NO. 11-00583 DAE-RLP<br><br>FINDINGS AND RECOMMENDATION TO DENY AS MOOT PLAINTIFFS PETER PHILIP ANDERSON AND PATRICIA ANN ANDERSON'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CITIMORTGAGE, INC. AND TO DIRECT THE CLERK OF COURT TO SET ASIDE ENTRY OF DEFAULT AS TO CITIMORTGAGE, INC. |

FINDINGS AND RECOMMENDATION TO DENY AS MOOT PLAINTIFFS
PETER PHILIP ANDERSON AND PATRICIA ANN ANDERSON'S MOTION
FOR DEFAULT JUDGMENT AGAINST DEFENDANT CITIMORTGAGE, INC.
AND TO DIRECT THE CLERK OF COURT TO SET ASIDE ENTRY OF
DEFAULT AS TO CITIMORTGAGE, INC.[1]

      Before the Court is Peter Philip Anderson and Patricia Ann Anderson's Motion for Default Judgment Against Defendant CitiMortgage, Inc. filed on October 24, 2011 ("Motion"). Docket No. 10. Although counsel for CitiMortgage, Inc. filed Amended Notices of Appearance on October 26, 2011 (see Docket Nos. 14-16), CitiMorgage, Inc. did not file an opposition to the Motion. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of

---

    [1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

the United States District Court for the District of Hawaii. Docket No. 11. Before the Court could act on the present Motion, Plaintiffs filed an Amended Complaint on November 21, 2011. Docket No. 17. After careful consideration of the Motion and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be DENIED AS MOOT and that the district judge direct the Clerk of Court to set aside the Entry of Default as to CitiMortgage, Inc.

## BACKGROUND

Plaintiffs filed their Complaint on September 23, 2011, alleging various common law claims against CitiMortgage related to a modification of Plaintiffs' mortgage. Compl. ¶ 47-68. Plaintiffs filed a Motion for Entry of Default Against CitiMortgage, Inc. on October 20, 2011, alleging that CitiMortgage, Inc. failed to file a timely answer to the Complaint. Docket No. 7. Entry of Default as to CitiMortgage, Inc. was entered by the Clerk of Court on October 21, 2011. Docket No. 8. Plaintiffs then filed the present Motion. Docket No. 10. Before the Court could act on the present Motion, Plaintiffs filed an Amended Complaint. Docket No. 17. The Amended Complaint names CitiMortgage, Inc. as defendant and asserts common law claims and claims for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq.

2

DISCUSSION

The filing of an amended complaint supersedes the original complaint, which is "treated thereafter as non-existent." Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); see also 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1476 (2d ed. 2008) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). Here, when Plaintiffs filed the Amended Complaint, the Amended Complaint superseded the original Complaint and rendered it of no legal effect. The present Motion was based on CitiMortgage Inc.'s failure to answer the original Complaint. Because Plaintiffs have filed an Amended Complaint, the Motion is moot. See, e.g., U.S., ex rel. Simplexgrinnell, LP, v. Aegis Ins. Co., No. 1:08-CV-01728, 2009 WL 577286, at *2 (M.D. Pa. Mar. 5, 2009) (holding that the filing of an amended complaint moots a previous motion for default judgment and citing cases Rock v. Am. Express Travel Related Serv. Co., Inc., No. 1:08-CV-0853, 2008 WL 5382340, at *1 (N.D.N.Y. Dec. 17, 2008); Best W. Int'l., Inc. v. Melbourne Hotel Investors, LLC, No. CV 06-2276, 2007 WL 2990132, at *1 (D. Ariz. Oct. 10, 2007); Dourlain v. U.S., No. 5:01CV1251, 2003 WL 22753452, at *2 (N.D.N.Y. Sept. 26, 2003); Vanguard Fin. Serv. Corp. v. Johnson, 736 F. Supp. 832, 835 (N.D. Ill. 1990); Haamid v. U.S., No. 89-0780, 1990 WL 210610, at *1 (E.D. Pa. Dec. 18, 1990); Nelson v. Nationwide Mortg. Corp., 659 F.Supp. 611, 615 (D.D.C. 1987)).

Accordingly, the Court finds and recommends that the district court deny Plaintiffs' Motion as moot. Additionally, the Entry of Default as to CitiMortgage, Inc. was entered by the Clerk of Court based on CitiMortgage Inc.'s failure to respond to the original Complaint. See Docket Nos. 7 and 8. Because the original Complaint is a nullity, the Court recommends that the district judge direct the Clerk of Court to set aside the Entry of Default as to CitiMortgage, Inc.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the Motion be DENIED AS MOOT and that the district judge direct the Clerk of Court to set aside the Entry of Default as to CitiMortgage, Inc.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 25, 2011

Richard L. Puglisi
United States Magistrate Judge

**ANDERSON, ET AL. V. CITIMORTGAGE, ET AL., CIVIL NO. 11-00583 DAE-RLP; FINDINGS AND RECOMMENDATION TO DENY AS MOOT PLAINTIFFS PETER PHILIP ANDERSON AND PATRICIA ANN ANDERSON'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CITIMORTGAGE, INC. AND TO DIRECT THE CLERK OF COURT TO SET ASIDE ENTRY OF DEFAULT AS TO CITIMORTGAGE, INC.**